UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICOLE DANFORTH,<br><br>Plaintiff,<br>v.<br><br>REUBEN WILLIAMS et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05481-DGE<br><br>ORDER ON MOTION TO REMAND (DKT. NO. 16) |

Before the Court is Plaintiff's motion to remand this case to Thurston County Superior Court. (Dkt. No. 16.) Defendants oppose Plaintiff's motion. (Dkt. No. 20.) Having considered Plaintiff's motion, the declarations of Sean B. Malcolm and Jason Steffens (Dkt. Nos. 17, 21) and Defendant's response, the Court DENIES the motion to remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a complaint filed by Plaintiff Nicole Danforth in King County Superior Court on January 30, 2025. (Dkt. No. 17 at 4–9.) In her complaint, Plaintiff alleges that on or about January 31, 2023, while driving in Portland, Oregon, she was sideswiped by a

semi-truck. (*Id.* at 6–7.) Plaintiff alleges the collision caused "severe personal injuries and damages" to Plaintiff's neck, back, hip, and wrist. (*Id.*) Plaintiff brought suit for negligence against the driver of the semi-truck, Reuben Williams, and his employer, Gardner Trucking, Inc. (*Id.* at 8–9.) In June 2025, Plaintiff's King County complaint was dismissed without prejudice due to improper venue. (*Id.* at 1.) On January 28, 2026, Plaintiff filed a new complaint in Thurston County Superior Court which sets forth the same facts and causes of action as the King County complaint, but names CRST Expedited, Inc. ("CRST") as a defendant rather than Gardner Trucking. (*Id.* at 11–16.)

On May 7, 2026, Defendants filed a notice of removal with this Court. (Dkt. No. 1.) On September 16, 2026, Plaintiff filed the instant motion to remand this case to Thurston County Superior Court, arguing: (1) the removal notice was filed more than 30 days after service on Defendants, and removal is therefore time barred pursuant to 28 U.S.C. § 1446(b)(1); (2) there is a lack of complete diversity because CRST is a citizen of Washington; and (3) Defendants have failed to establish that the case exceeds the $75,000 jurisdictional limit. (Dkt. No. 16.) On October 7, 2026, Defendants filed a response. (Dkt. No. 20.)

## II. DISCUSSION

### A. Timeliness of Removal

Plaintiff argues Defendants' notice of removal is untimely because it was filed on May 7, 2026, more than 30 days after CRST and Williams were served with the complaint. (Dkt. No. 16 at 3–4.) CRST was served on January 30, 2026 and Williams was served on February 17, 2026. (Dkt. No. 17 at 2.) Defendants argue the 30-day deadline for removal did not begin to run at the time of service because the complaint was silent regarding the amount in controversy. (Dkt. No. 20 at 4.)

Removal of an action from state to federal court is governed by 28 U.S.C. § 1446. The statute sets out two 30-day windows for removal. The first provides 30 days from the service of the complaint or summons, if the basis for removal is plain on the face of the complaint. § 1446(b)(1). But if the basis of removal is not apparent on the face of the complaint, the statute provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). The statue elaborates on the meaning of the phrase "other paper":

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in <u>responses to discovery</u>, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. § 1446(c)(3)(A) (emphasis added). "As long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

Defendants argue Plaintiff's complaint was silent as to the amount in controversy and contends the 30-day deadline to file a removal notice did not begin to run until Defendants received a response to their Request for Statement of Damages on April 14, 2026, which confirmed Plaintiff's medical bills exceed $75,000. (Dkt. Nos. 1 at 3; 20 at 5–6.) Defendants contend the response to the Request for Statement of Damages was the first service of any "other

paper" that expressly stated an amount in controversy, and from which Defendants could first ascertain this case had become removable.[1] (Dkt. No. 20 at 3.)

"If the complaint filed in state court does not set forth the dollar amount prayed for, a removal petition shall nevertheless be governed by the time limitation of 28 U.S.C. § 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court." Local Civil Rule 101(a).

Here, the amount in controversy was not apparent on the face of the complaint, which only describes Plaintiff's damages in general terms (*see* Dkt. No. 17 at 14–16), and provides no information from which a reasonable person could conclude that Plaintiff is seeking more than $75,000 in damages. Defendants did not have sufficient information concerning the removability of this case until they received Plaintiff's response to their Request for Statement of Damages. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove."). Plaintiff's April 14, 2026 response to Defendants' Request for Statement of Damages is an "other paper" that made the amount in controversy ascertainable and triggered the 30 day period § 1446(b)(3). *See e.g. Thomason v. Walmart, Inc.*, Case No. 2:20-CV-480-RMP, 2021 WL 406598 at * 4 (E.D. Wash. Feb. 5, 2021). Because Defendants removed this case on May 7, 2026, less than 30 days after the amount in controversy became ascertainable, removal was timely under § 1446(b)(3).

---

[1] Defendants also cite Washington Revised Code § 4.28.360, which provides that in any civil action for personal injuries, "the complaint shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined." A defendant in such action "may at any time request a statement from the plaintiff setting forth separately the amounts of any special damages and general damages sought." *Id.*

**B. Diversity of Citizenship**

Plaintiff argues remand is necessary because Plaintiff's complaint alleges both Plaintiff and CRST are citizens of Washington State. (Dkt. Nos. 16 at 4–5; 17 at 12.) Defendants' removal notice alleges CRST is incorporated in Iowa and has its principal place of business in Cedar Rapids, Iowa and is therefore a citizen of Iowa for purposes of determining diversity jurisdiction. (Dkt. No. 1 at 5.) Plaintiff's complaint acknowledges CRST is an Iowa corporation, but nevertheless asserts CRST is a citizen of Washington because the company has an office in Thurston County, transacts business there, and has a registered agent upon which process may be served in Thurston County. (Dkt. No. 17 at 12.)

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). When determining diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Defendants have submitted a declaration from Jason Steffens, an executive officer of CRST who asserts the company is incorporated in Iowa. (Dkt. No. 21 at 1.) Attached to the declaration is a filing from the Iowa Secretary of State's office which indicates that CRST is incorporated in Iowa. (*Id.* at 5.) Steffens claims CRST's primary administrative and executive offices are located in Cedar Rapids, Iowa, the "nerve center" of the corporation from which CRST's high-level officers "actively direct, control, and coordinate all major corporate operations, strategic initiatives, and decision-making processes." (Dkt. No. 21 at 2.)

Here, there is no dispute that CRST is an Iowa corporation, and no serious argument that its principal place of business is located somewhere other than Iowa. Accordingly, the Court finds Defendants have sufficiently established diversity of citizenship.

**C. Amount in Controversy**

Plaintiff argues her complaint does not specify the damages she seeks and contends Defendants have not otherwise established the amount in controversy exceeds $75,000. (Dkt. No. 16 at 5–7.) Plaintiff argues her response to Defendants' Request for Statement of Damages should not be considered an "other paper" from which the amount in controversy can be ascertained because the response contains various objections and caveats. (*Id.* at 6.) As discussed above, this response can qualify as an "other paper" for purposes of determining diversity jurisdiction, and Plaintiff does not appear to dispute that her response establishes that the amount in controversy in this case exceeds $75,000.

**D. Attorney Fees and Costs**

Plaintiff seeks attorney fees and costs related to seeking remand. (*Id.* at 7–8.) Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because Plaintiff's motion for remand is denied, the request for fees and costs is now moot.

## III. ORDER

Plaintiff's motion to remand this case to the Thurston County Superior Court (Dkt. No. 16) is DENIED. This litigation shall proceed in this Court.

Dated this 13th day of November, 2026.

David G. Estudillo
United States District Judge